IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEFF ROPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cv-01240-NAB |
| | ) | |
| GEORGE CHRONIS, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS</u>**

Plaintiff Jeff Roper is a defendant in a lawsuit in Missouri state court filed by Foresite Healthcare, LLC ("Foresite"), a company that, unfortunately, used to employ Plaintiff and still has him as a member. In apparent retaliation for the filing of the state lawsuit, Plaintiff has, in addition to filing a counterclaim in the state court, now attempted to invoke the jurisdiction of this Court to bring suit against George Chronis, the CEO of Foresite. The claims filed against Chronis are outrageous accusations replete with false representations that are directly contradicted by documents and other information that Chronis shared with Roper and his attorneys prior to institution of this suit. Those issues will be addressed in subsequent motions.

For now, however, Chronis must address the claims made in the Complaint and pursuant to Federal Rule 12(b)(6), treat them as admitted. Fortunately, even treated as such, the claims fail to state a claim upon which relief can be granted. Plaintiff's Complaint suffers from many substantial defects. Most notably, Plaintiff has hinged federal jurisdiction on a securities fraud case but has not even pled, much less demonstrated, that the LLC membership interests at issue are actually securities. This is a fatal defect because the existence of securities is an understandably necessary prerequisite to a securities fraud case.

Moreover, Plaintiff pled all of his claims, including the securities fraud and common law fraud claims, relying solely on conclusory statements and the barest of factual allegations. Plaintiff's allegations are so bereft of factual support that they do not meet the *Twombly* standard, much less the heightened pleading requirements of the Private Securities Litigation Reform Act ("PSLRA") and Federal Rule of Civil Procedure 9(b).  Finally, Plaintiff has filed a direct breach of fiduciary duty claim against Chronis, even though such a claim belongs to the company and must be pled derivatively.

The reasons to dismiss Plaintiff's Complaint are many, and Defendant respectfully requests the Court to do so.

## FACTUAL BACKGROUND

Chronis is chief executive officer of Foresite Healthcare, LLC.  Complaint ¶ 87.  In April 2014, Foresite entered into an agreement with Plaintiff whereby in exchange for $500,000, Foresite granted Plaintiff a 10% interest in the company and named him president.  Complaint ¶¶ 25-27.  Suffice to say, Plaintiff's brief tenure as president was a debacle.  In April 2015, the Board of Managers terminated Plaintiff's employment, and in May 2015, a supermajority of the Class A members removed Plaintiff from the Board.  Complaint ¶¶ 38-40.

Roper subsequently alleged that he is entitled to an additional 14% interest in Foresite due to an employment agreement that was never executed or approved by the Board.  *See Foresite Healthcare, LLC v. Jeffrey L. Roper*, No. 1522-CC09913 (Mo. Cir. Ct. filed June 16, 2015).  After the parties could not resolve the dispute, Foresite filed a declaratory judgment action seeking to resolve this dispute and seeking damages for Roper's numerous breaches of his fiduciary duties during his tenure as President.  *Id.*  Plaintiff filed a counterclaim in the state court suit and now has filed this suit against Chronis, individually.  *Id.*

**STANDARD OF REVIEW**

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion requires the court to examine the sufficiency of the complaint. *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Generally, in ruling on a motion to dismiss, the court relies on the complaint, exhibits attached to the complaint, and matters of public record, including other judicial proceedings. *Sands v. McCormick,* 502 F.3d 263, 268 (3d Cir. 2007).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) requires Plaintiff to plead enough facts to state a claim to relief that is plausible on its face. *Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.

In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. *Fowler,* 578 F.3d at 210 (citing *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir.2008)). "Conclusory" or "bare-bones allegations" will not survive a motion to dismiss. *Fowler,* 578 F.3d at 210. To survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234 (quoting *Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940) (internal quotations omitted).

**I.     Count I Should Be Dismissed Because Plaintiff Has Failed to Establish that His Membership Interest is a Security Subject to 17 C.F.R. § 240-10b-5 and Because He Otherwise Has Failed to State a Claim Against Defendant**

   **A.     Count I Should Be Dismissed Because Plaintiff Has Failed to Meet His Burden to Establish that his Membership Interest is a Security**

"It is axiomatic that before a plaintiff can invoke the protections of the anti-fraud provisions of the federal securities laws, a plaintiff must show that the alleged misconduct involves a purchase or sale of *securities*." *Braun v. Schwartz*, No. CIV.A. 12-6224 ES, 2013 WL 5467084, at *5 (D.N.J. Sept. 30, 2013) (emphasis in original) (citing *Steinhardt Grp. Inc. v. Citicorp,* 126 F.3d 144, 150 (3d Cir. 1997); *Scattergood v. Perelman,* 945 F.2d 618, 622 (3d Cir. 1991) (fraud under the Exchange Act and Rule 10b–5 must concern the purchase or sale of a "security")).

LLC membership interests are not "securities" unless they meet the criteria of an "investment contract." *Keith v. Black Diamond Advisors, Inc.*, 48 F. Supp. 2d 326, 332 (S.D.N.Y. 1999). The criteria of an investment contract is set forth in *SEC v. W.J. Howey Co.,* 328 U.S. 293, 300 (1946). "To satisfy the *Howey* test, there must be '[i] an investment of money [ii] in a common enterprise [iii] with profits to come solely from the efforts of others.'" *Automated Teller Mach. Advantage LC v. Moore*, No. 08 CIV. 3340, 2009 WL 2431513, at *4 (S.D.N.Y. Aug. 6, 2009) (citing *Endico v. Fonte,* 485 F.Supp.2d 411, 412 (S.D.N.Y.2007)). The third prong of the *Howey* test is not met if, at the time of the investment, the investor possesses a "'reasonable expectation ... of significant investor control.'" *Id.* (citing *United States v. Leonard,* 529 F.3d 83, 88 (2d Cir. 2008)).

Here, Plaintiff has utterly failed to allege, much less support any such allegation with facts, that his LLC membership interest is a security within the meaning of the Act. For this reason alone, his Complaint is defective and should be dismissed.

4

Regardless, the issue is "whether the investor has meaningfully participated in the management of the partnership in which it has invested such that it has more than minimal control over the investment's performance." *Rossi v. Quarmley*, 7 F. Supp. 3d 502, 508 (E.D. Pa. 2014) *aff'd*, 604 F. App'x 171 (3d Cir. 2015). In both *Black* and *Rossi*, the courts dismissed LLC members' claims because the members had not pled facts to support a claim that their interests were securities. In *Keith*, the court noted, among other things, that the LLC member had participated as a manager and exercised a degree of control of the company "inconsistent with the allegation that he was relying on the entrepreneurial efforts of others to create or enhance the interests' value." 48 F. Supp. 2d 326 at 334. In *Rossi*, the court noted that the LLC member held a minority interest in the LLC but that he was not a passive investor because he had a right to be involved in the management of the LLC and because profits from the company came from his personal efforts. 7 F.Supp.3d at 508.

Plaintiff admits that he is a member of Foresite, he owns Class A membership interests, that a condition of his investment was named president of the company, and that he served as president of the company. Complaint ¶¶ 19, 26-27. Plaintiff did not attach the Operating Agreement to his Complaint, but he did admit that the Operating Agreement gives Members the right to inspect books and records. Complaint ¶ 13. He also noted that the Operating Agreement delegated certain powers to the Board of Managers ("Board"), and that he was a member of the Board. Complaint ¶¶ 12, 40. Missouri law on limited liability companies also grant members certain rights, including the right to inspect certain books and records. *See, e.g.,* § 347.091, RSMo. As in *Black* and *Rossi*, this level of control is antithetical to the notion of member passivity required under *Howey*. *Keith*, 48 F. Supp. 2d at 333. Accordingly, Plaintiff's membership interests cannot

5

plead that his interests in the LLC are securities and thus subject to 17 C.F.R. § 240.10b-5. His claim should be dismissed.

### B. Count I Should Be Dismissed Because Plaintiff Has Failed to State a Claim

Even if Plaintiff had properly pled that his membership interests were securities under the Act, his claim should still be dismissed because he has failed to state a claim upon which relief can be granted. Plaintiff contends that the misrepresentations at issue are that (i) Foresite CEO George Chronis indicated to Plaintiff that Foresite had competing offers but Plaintiff alleges such offers did not exist; (2) Chronis did not disclose that CyberSense, another company owned by Chronis, provided services to Foresite and that this was somehow a conflict of interest; and (3) that Chronis allegedly made unauthorized withdrawals from Foresite. These allegations are completely false, but even accepting as true for the purposes of this motion, they do not constitute securities fraud. Moreover, Plaintiff has failed to alleged sufficient facts to support these spurious claims.

#### 1. The Elements of a 10b-5 Claim and the Heightened Pleading Requirement.

To successfully state a claim for a securities fraud action under Section 10(b) and Rule10b–5, a plaintiff must establish six elements: (1) a material misrepresentation or omission, (2) scienter, (3) a connection to the purchase or sale of a security, (4) reliance, (5) economic loss, and (6) loss causation. *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 920 (8th Cir. 2015).

In order to survive a Rule 12 motion to dismiss, in addition to the normal pleading requirements described above, the PSLRA imposes "heightened pleading requirements" on securities fraud plaintiffs. *Elam v. Neidorff*, 544 F.3d 921, 926 (8th Cir. 2008). The complaint must: 1) specify each statement alleged to have been misleading, and the reason or reasons why the statement is misleading, and 2) state with particularity facts giving rise to a strong inference

6

that the defendant acted with scienter. *Id.* "[I]f an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C.A. § 78u-4(b)(1).

"A misrepresentation or omission is material if there is 'a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the total mix of information made available.'" *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997) (quoting *Basic Inc. v. Levinson,* 485 U.S. 224, 231–32, 108 S.Ct. 978, 983, 99 L.Ed.2d 194 (1988)). "Where a reasonable investor could not have been swayed by an alleged misrepresentation, however, a court may determine, as a matter of law, that the alleged misrepresentation is immaterial." *Parnes*, 122 F.3d at 546. "The role of the materiality requirement is not to attribute to investors a childlike simplicity but rather to determine whether a reasonable investor would have considered the omitted information significant at the time." *Id.* at 547.

### 2. Plaintiff Has Not Adequately Pled Any Actionable Claim of Security Fraud

    a.   *Plaintiff's Allegation Regarding Representations About Other Investors Is Not Actionable.*

In his first allegation of securities fraud, Plaintiff alleges that Chronis made misrepresentations about competing offers to invest in Foresite. In support of this claim, Plaintiff only alleges that "[u]pon information and belief, none of Chronis' statements about other investors were true." Plaintiff's bare allegation does not satisfy the PSLRA's heightened pleading requirements to specify the reasons why the statement is misleading and to state "with particularity all facts on which that belief is formed." Similarly, Plaintiff also fails to meet the heightened standard for scienter which requires facts giving rise to a strong inference that the defendant acted with scienter. He makes only the bare allegation that "Chronis knowingly made this statement"

7

but does not support this with any facts other than Plaintiff's "information and belief".

Additionally, Plaintiff also has not met his burden to establish the materiality of the alleged misrepresentation.  Plaintiff again makes only bare allegations, claiming that the statement is material because he "felt compelled to invest in the Company immediately and without conducting due diligence."  A reasonable investor would not be swayed by the mere existence of other potential investors.  Notably, Plaintiff does not allege that these offers were in any way exclusive so that there was any reason to feel so compelled.  Even if he had, a reasonable investor would not knowingly sacrifice due diligence simply because another person expressed interest in investing in a company.  At bottom, a statement about the existence of other potential investors is not a statement that relates to the health of the business or operations of the company, which is information investors need and which the Act seeks to regulate.

Finally, Plaintiff has utterly failed to plead facts to demonstrate how he has supposedly been damaged by this alleged misrepresentation.  As with his other allegations, he only asserts the bare allegation that this misrepresentation (along with the other purported misrepresentations) "have proximately caused economic damages to Plaintiff, in that Plaintiff will not be able to recover his initial investment."  Plaintiff has alleged absolutely no facts to support this specious claim.  He does not allege that the investment is worth less today than it was when he invested, nor could he because such a claim would be false.  Simply put, none of Plaintiff's bare allegations about the alleged non-existence of other investors support a claim for securities fraud, so this claim should be dismissed.

        b.    *Plaintiff's Allegation Regarding Foresite's Contract with CyberSense is Not Actionable.*

Plaintiff also alleges Chronis committed securities fraud by not disclosing that Foresite entered into an agreement with CyberSense, a company owned by Chronis, to provide services to

Foresite.  Consistent with his other pleadings, Plaintiff utterly fails to support this allegation with any facts.[1]

"Generalized allegations about conflicts of interest . . . are not sufficient, standing alone, to satisfy the particularity requirements."  *In re Salomon Analyst AT&T Litig.*, 350 F. Supp. 2d 455, 466 (S.D.N.Y. 2004).  Notably, Plaintiff fails to explain how this relationship is a conflict of interest, other than noting that the company is owned by Chronis.  Plaintiff also fails to establish how this purported conflict is material or any facts to support the scienter claim that Chronis used this omission to knowingly deceive Plaintiff into investing in the Company.  He also fails to allege any wrongdoing caused by this purported conflict or its omission.  The mere existence of a potential conflict, without more, cannot support a claim for securities fraud.

Most tellingly, Plaintiff has not made any allegation, much less particularized facts, about how this alleged omission caused him damage.  Just as with his other claims, Plaintiff makes a generalized statement that he was damaged but makes no effort to connect the alleged omission about a purported conflict with his specious claim for damages.

    c.    *Plaintiff's Allegation Regarding Representations Alleged Withdrawals.*

In Plaintiff's third and final claim of alleged securities fraud, Plaintiff contends that "Chronis made several unauthorized and undocumented withdrawals from Foresite's bank accounts without any explanation."  Complaint ¶ 66.[2]  And again, except for detailing the amounts of the alleged payments (Complaint ¶ 51), Plaintiff has failed to allege any facts to allege how

---

[1] Notably, the allegation that Chronis did not disclose this relationship to the Board or that the Board did not approve this transaction is completely false and squarely refuted by documentary evidence provided to Plaintiff's counsel prior to institution of litigation.  Chronis understands, however, that for purposes of this motion, the Court must accept the allegation as true.

[2] Again, prior to litigation and at the request of Plaintiff and his attorneys, Defendant explained these transactions in detail.  Plaintiff's characterization of these transactions is false.

9

these purportedly unauthorized withdrawals constitute a false or misleading fact for purposes of 10b-5, much less the elements of materiality and scienter.  Importantly, Plaintiff has also failed to plead any facts supporting his claim that the transactions were, in fact, unauthorized.  Finally, Plaintiff again failed to allege any facts explaining how he was damaged or how failing to tell Plaintiff about these transactions has any causal relationship to those alleged damages.  Accordingly, because Plaintiff has completely failed to comply with PSLRA, Rule 8 and Rule 9, Count I should be dismissed in its entirety.

**II.     Count II Should Be Dismissed Because Plaintiff Has Failed to State a Claim of Negligent Misrepresentation.**

In Count II, Plaintiff repackages his allegations of securities fraud into a common law negligent misrepresentation claim.  Because Count I is Plaintiff's sole basis for asserting federal jurisdiction, the Court should decline exercising supplemental jurisdiction over his remaining state law claims and dismiss the entire Complaint.[3]  Even if the Court considers this claim, however, the Court should dismiss Count II for failing to state a claim for negligent misrepresentation.

"The elements of a claim for negligent misrepresentation are: (1) the speaker supplied information in the course of his business; (2) because of a failure by the speaker to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of a limited group of persons in a particular business transaction; (4) the listener justifiably relied on the information; and (5) due to the listener's justified reliance on the information, the listener suffered a pecuniary loss." *Ryann Spencer Grp., Inc. v. Assurance Co. of Am.*, 275 S.W.3d 284, 288 (Mo. Ct. App. 2008).

---

[3]     Counts III and IV are also state common law claims and should also be dismissed.

Though the PSLRA does not apply to this claim, a claim of fraudulent misrepresentation must still be pled with particularity. In fraud claims, Fed. R. Civ. P. 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." *See also* Mo. Sup. Ct. Rule 55.15; *Batek v. Curators of Univ. of Missouri*, 920 S.W.2d 895, 900 (Mo. 1996) ("Allegations of fraud must be pled with particularity.") "'Circumstances' include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" *Sherwin-Williams Co. v. Novak's Collision Ctr., Inc.*, No. 4:12-CV-02148, 2013 WL 5500107, at *5 (E.D. Mo. Oct. 3, 2013) (quoting *Commercial Prop. Invs., Inc. v. Quality Inns Int'l, Inc.,* 61 F.3d 639, 644 (8th Cir.1995)). "The Rule 9(b) standard does not tolerate mere boilerplate and conclusory allegations; rather, a plaintiff must allege facts that plausibly support the asserted legal theories within the complaint." *Chemtech Int'l, Inc. v. Chem. Injection Techs., Inc.*, 247 F. App'x 403, 405 (3d Cir. 2007).

Chronis has already explored the barebones allegations of fraud above and will not belabor the court by rehashing the myriad ways in which Plaintiff has failed to plead his claim with particularity. Suffice to say, Plaintiff's allegations in Count II are virtually identical as Count I. And just as in Count I, Plaintiff has failed to provide facts to support his claim that Chronis made false representations or omissions regarding potential investors, the use of CyberSense or the allegedly unauthorized transactions. With regard to the CyberSense and withdrawal allegations, Plaintiff also fails to allege the element of justifiable reliance and affirm that but for the alleged omissions, he would not have invested in the Company.

Most importantly, Plaintiff has again made the bare allegation that he was damaged because he will not be able to recover his initial investment, but he fails to provide any factual support for this claim. Plaintiff has not and cannot cite any evidence that his interest in Foresite is

11

worth less today than it was in April 2014, much less that he will not be able to recover what he invested in Foresite. Plaintiff has failed to satisfy *Twombly*'s requirement to state "enough facts to state a claim to relief that is plausible on its face," much less the heightened pleading standards of Rule 9. Count II should be dismissed.

**III.     Count III Should Be Dismissed Because Plaintiff Does Not Have Standing to Assert a Breach of Fiduciary Duty Claim Against Defendant and Because He Has Failed To State Such A Claim.**

Plaintiff does not have standing to file an individual action against Chronis. The general rule in Missouri is that an individual shareholder may not bring an action in his or her own name to recover for wrongs done to the corporation or its property. *Sasso USA, Inc. v. Zein Investments, LLC*, No. 4:14-CV-1728 JAR, 2015 WL 4890015, at *4 (E.D. Mo. Aug. 17, 2015). This rule applies equally to limited liability companies. *Id.* "In characterizing the injury claims as either direct as to the individual or indirect as to the corporation, 'a court must look to the body of the complaint and the gravamen of the injuries asserted.'" *Id.* "If the damages at issue are only indirectly sustained by the stockholder as a result of injury to the corporation, the stockholder does not have a cause of action as an individual." *Id.*

Plaintiff alleges that Chronis breached his fiduciary duties to Foresite by contracting with CyberSense and making the withdrawals, as described above. Plaintiff also alleges that Chronis breached his duties by depositing a customer's license payment purportedly owed to Foresite into his personal bank account. While Plaintiff alleges that these actions injured both himself, individually, and Foresite, the body of the complaint and the gravamen of the injuries asserted readily demonstrate that had the alleged actions wrongfully occurred (which they did not) only Foresite would have incurred a direct injury. Any theoretical injury to Roper would only be indirect, in his capacity as a member. Accordingly, Roper lacks standing to pursue this claim.

Even if his claim were to be considered on the merits, it suffers from the same fatal pleading defects as the previous two claims. Even couched as breaches of a fiduciary duty, Plaintiff does not provide any substantive facts to explain how the contract with CyberSense is a conflict of interest rising to a breach of fiduciary duty or to support his contention that Chronis made unauthorized withdrawals. And he once again fails to provide any facts to support his claims that these actions caused any damage to him. For all of the reasons stated above, Count III should be dismissed.

**IV.     Count IV Should Be Dismissed Because Plaintiff Has Not Stated A Claim for Minority Shareholder Oppression.**

In Count IV, Plaintiff alleges that Chronis engaged in minority shareholder oppression by terminating Plaintiff's employment and his membership on the Board. The gravamen of the complaint is that Chronis caused the board and the other members to terminate Plaintiff and remove him from the board for no justifiable reason, resulting in losing access to certain, unspecified "private information" and that he suffered equally unspecified "economic damages." At the outset, while Plaintiff failed to attach the Operating Agreement, Defendant notes that Plaintiff has materially misstated its terms. Termination of employment requires a majority vote of the board (§ 6.3), and removal from the board requires a Supermajority in Interest of the Class A Members (§ 6.1(c)). Accordingly, Chronis could not by himself cause either Plaintiff's termination or removal from the board.

Regardless, Plaintiff has failed to state a claim of shareholder oppression. Under Missouri law, shareholder oppression requires Plaintiff to prove that Chronis engaged in "harsh, dishonest or wrongful conduct and a visible departure from the standards of fair dealing." *Kanton v. Luettecke Travel Serv., Inc.*, 901 S.W.2d 241, 244-45 (Mo. App. 1995). Termination the employment of a shareholder does not constitute shareholder oppression. *Ruzicka v. Hart Printing*

*Co.*, 21 S.W.3d 67, 72 (Mo. App. 2000); *see also Ueltzhoffer v. Fox Fire Dev. Co.*, No. CIV. A. 9871, 1991 WL 271584, at *7 (Del. Ch. Dec. 19, 1991) *aff'd sub nom. Fox Fire Dev. Co. v. Hans*, 618 A.2d 90 (Del. 1992). In *Ueltzhoffer*, the court found that the employee was doing his job competently but still found no oppression because the court deferred to the judgment of the company. *Id.* Termination is ultimately an employment issue and would only be grounds for a shareholder oppression suit if it occurred for "the sole and improper purpose of freezing him out of the corporate entities." *Id.*

Plaintiff has again failed to allege sufficient facts to establish a legitimate claim of shareholder oppression. As described above, termination and removal from the board alone are not sufficient to state such a claim. Plaintiff does make spurious claims about the purported justification for his termination but again does not support these allegations with any facts.

Plaintiff has not alleged any actual damages as a result of this allegedly unlawful termination. Instead, Plaintiff once again relies on vague allegations of unspecified "economic damages" and complains that he has limited access to "private information." Importantly, Plaintiff has not alleged that his termination or removal as a board member has stripped him of any such rights or resulted in a lessor financial stake in the company. Indeed, Plaintiff retains all of his rights, both statutory and under the Operating Agreement, as a member of the Company. He stands in the same shoes as any other member with all of the same rights and access to information. To find that Plaintiff has been oppressed, the Court would essentially have to rule that any time a company experiences an unsuccessful employment relationship with someone who also owns part of the company, that termination of that person would amount to shareholder oppression. Fortunately, that is not the law. Count IV should be dismissed.

**CONCLUSION**

For the reasons stated above, the Complaint should be dismissed in its entirety.

        Respectfully submitted,

        KHAZAELI WYRSCH STOCK LLC

By:   /s/ James R. Wyrsch
       James R. Wyrsch, #53197
       Javad M. Khazaeli, #63735
       911 Washington Avenue, Suite 211
       St. Louis, MO  63101
       (314) 288-0766 (Phone)
       james.wyrsch@kwslawfirm.com

*Attorneys for Defendant George Chronis*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the foregoing was served via the Court's Electronic Filing System this 1st day of September, 2015, upon the following:

> Matthew J. Aplington
> Corey L. Franklin
> The Lowenbaum Partnership, LLC
> 222 South Central Avenue, Suite 901
> Clayton, MO  63105
> maplington@lowenbaumlaw.com
> cfranklin@lowenbaumlaw.com

                                                     /s/ James R. Wyrsch